Filed 12/30/14  In re Charles P. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re CHARLES P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D065142 |
| Plaintiff and Respondent, | (Super. Ct. No. J232115) |
| v. | |
| CHARLES P., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Minor appeals a juvenile court judgment directing him to pay victim restitution totaling $22,211.  After independently reviewing the record for error (see *People v. Wende* (1979) 25 Cal.3d 436, 441-442 (*Wende*)), we have not identified any reasonably arguable appellate issues and affirm the judgment.

BACKGROUND

Minor and an accomplice stole a 1996 BMW 328i, drove it through the gate of a school, drove it around the school recklessly, and then set it on fire.  Minor admitted to committing two counts of vandalism (Pen. Code, § 594, subds. (a), (b)(1)) and one count of unlawfully taking and driving a vehicle (Veh. Code, § 10851, subd. (a)), in exchange for the dismissal of six other related charges.

The juvenile court ordered minor placed in a juvenile probation camp program for up to 365 days.  The court later ordered him to pay victim restitution of $5,696 to the car owner and $16,515 to the school.  The restitution amounts were based on documents and testimony provided by the car owner and the school's risk management specialist.

Specifically, the car owner testified and provided photographs showing that, although the car had been driven over 130,000 miles, it was in excellent condition when minor stole it.  It had upgraded leather seats, stereo, tires, and rims.

The car owner originally paid $12,000 for the car in 1998.  After the car was destroyed, the owner searched appraisal reports for four months and found comparable

2

vehicles valued between $4,700 and $6,200. He purchased a replacement car that was seven years newer for $8,600.

To testify at the restitution hearing, the car owner lost four hours of work. He was paid $61.45 an hour.

The school's risk management specialist testified and provided documents showing the school paid $10,170 to a contractor to repair damaged stucco, $3,915.40 to a contractor to replace the damaged gate, and $2,430.58 for school employees to supervise the contractors and perform other related repair work.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal and instead requested we independently review the record for error as mandated by *Wende*, *supra*, 26 Cal.3d at pages 441-442. To assist our review, counsel identified several possible, but not reasonably arguable issues (see *Anders v. California* (1967) 386 U.S. 738, 744). These issues were: (1) whether there was substantial evidence to support the restitution amounts, (2) whether the court abused its discretion in its valuation of the car; (3) whether the court abused its discretion in requiring restitution for amounts the school paid to salaried employees to repair damage caused by minor's conduct; and (4) whether the court violated minor's federal due process rights by admitting hearsay evidence at the restitution hearing (*Anders* issues).

We granted minor an opportunity to file a brief on his own behalf. He did not do so.

3

Our independent review of the record, including the *Anders* issues identified by counsel, did not disclose any reasonably arguable appellate issue. Minor has been competently represented by counsel in this appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.